IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:98CR126 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH SPARROW SR., | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO RECONSIDER
COURT'S MARCH 19, 2020, ORDER

Defendant, Joseph Sparrow, Sr., pro-se, hereby moves this Court in the above entitled cause to reconsider the Court's March 19, 2020, Order (Doc. 113) and states the following in support thereof:

I. STANDARD OF REVIEW

Although the Federal Rules of Civil Procedure ("Rule") makes no provision for motions to reconsider, "[c]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to civil motion to alter or amend judgment pursuant to [Federal Rules of Civil Procedure] 59(e)." United States v. Robinson, 5 F. Supp. 3d 933, 936 (S.D. Ohio, 2014)(quoting United States v. Titterington, 2003 U.S. Dist. LEXIS 8882 (W.D. Tenn., May 22, 2003)).

(1)

Under Rule 59(e) the Sixth Circuit has held motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, intervening change in controlling law, or to prevent manifest injustice. Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)(citing GenCorp. Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). "A Rule 59(e) motion 'may not be used to argue a new legal theory.'" Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007)(quoting FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)). The motion "is proper only if it contains 'an argument or authority that was overlooked or disregarded in the original ruling, presents manifest evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law.'" Auday v. West Seal Retail, Inc., 2012 U.S. Dist. LEXIS 4812 (E.D. Tenn., Jan. 17, 2012).

## II. THE COURT'S MARCH 19 ORDER

<u>A</u>. The Court correctly points out that Sparrow nor the Government mention Sparrow's obligation to exhaust administrative remedies before filing his §3582 Motion (Doc. 113, PageID# 241).

Sparrow avers he in fact did follow the directives of the Federal Bureau of Prisons ("FBOP") Program Statement ("PS") 5050.50[1] et seq., and submitted his request for Compassionate

---

[1]. Viewable at www.bop.gov/policyprogstat/5050.050en.pdf.

Release/Reduction in Sentence to the Warden at FCI Elkton as required. Under FBOP PS 5050.50, Chapter 9d. "an inmate may file a request for a reduction in sentence with the sentencing court after receiving a BP-11 response under subparagraph (a), the denial from the General Counsel under subparagraph (d), or the lapse of 30 days from the receipt of such a request by the Warden of the inmates facility, whichever is earlier."

In Sparrows case the Warden of his facility did not respond to his request within "30" days thus allowing Sparrow to file his §3582 Motion to the Court. This is exactly what happened in this case, therefore Sparrow did properly exhaust his FBOP Administrative Remedy.

B. Secondly, this Court's Order makes it clear it considers the United States Sentencing Guidelines ("U.S.S.G.") §1B1.13, cmt. n.1 listing the "5" identified extraordinary and compelling circumstances mandatory. (Doc. 113, PageID# 242).

Sparrow concedes that before the passage of the First Step Act that U.S.S.G. §1B1.13 is what the FBOP was required to follow. However, as Sparrow clearly defined in his Reply (Doc. 113, pages 3-5) since the passage of the First Step Act ("FSA") several district courts recognizing the conundrum of the Sentencing Commission being unable to change or update §1B1.13[2] have exercised their discretion and granted relief. See,

---

2. Because of only having "2" sitting Commissioners and unable to obtain a "4" member quorum for voting.

(3)

Doc. 112, pages 3-5, 8-14 and U.S. District Judge Tena Campbell's extended and thoughtful review of recent compassionate release jurisprudence and changes to §3582(c)(1)(A) brought about by the FSA. United States v. Mauman, No. 2:08-CR-00757-TE-11 (D. Utah, Feb. 18, 2020).

Further, as this Court is well aware the Sentencing Guidelines were made "advisory" only, in 2005 with the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Therefore, it is not mandatory to follow §1B1.13 any longer and as numerous other jurists of reason[3] have already exercised their discretion and granted relief under §3582(c)(1)(A) to petitioners just like Sparrow.

C. In the last few weeks this country has experienced something unlike anything else in modern times. The COVID-19 pandemic which according to the Center For Disease Control (CDC) considers persons 65 years of age, or older, the most vulnerable. Sparrow is now "79" years of age, very nearly one of the oldest prisoners housed at FCI Elkton.

Professor Douglas Berman, who writes a Sentencing Blog called "Sentencing Law and Policy" very recently alerted readers about the growing number of favorable rulings on Westlaw related to prisoner §3582(c)(1)(A) motions. See:

---

3. District court judges across America, and the list is growing everyday.

United States v. O'Bryan, No. 96-10076-03-JTM, 2020 WL 869475 (D. Kan., Feb. 21, 2020)

United States v. Mondaca, No. 89-CR-0655DMS, 2020 WL 1029024 (S.D. Cal., Mar. 3, 2020)

United States v. Young, No. 2:00-CR-00002-1, 2020 WL 1047815 (M.D. Tenn., Mar. 4, 2020)

United States v. Davis, No. PMJ 00-424-2, 2020 WL 1083158 (D. Md., Mar. 5, 2020)

United States v. Perez, No. 88-10094-2-JTM, 2020 WL 1180719 (D. Kan., Mar. 11, 2020)

United States v. Redd, No. 1:97-CR-00006-AJT, 2020 WL 1248493 (E.D. Va., Mar. 16, 2020)

According to Professor Berman, all of the above people have been recently granted compassionate release. Interestingly, some of those above were granted on motions for reconsideration, much like Sparrow is attempting.

Therefore, Sparrow respectfully points out to this Court its oversight that he does fall within §1B1.13(5)'s "other reasons" clause as numerous other district courts have done related to compassionate release/reduction in sentence motions since the passage of the FSA, and the new evidence (COVID-19) which has come about well after the filing of his Reply, i.e. newly discovered.

### III. CONCLUSION

As this Court seems to agree, Sparrow's disproportionatly severe sentence is unjust and should be corrected. (Doc. 113, PageID# 244). This Court has the authority under §3582(c)(1)(A)(i) should this Court so desire to correct Sparrow's sentence. Yes, it is a shame the U.S. Attorney's

Office doesn't wish to get involved and issue a vactur under the "Holloway Doctrine" as this Court alludes, but this Court can correct Sparrow's draconian sentence.

WHEREFORE, Defendant prays this Honorable Court will reconsider its Order (Doc. 113) and grant Sparrow's requested relief.

Respectfully submitted,

Date: March 25, 2020

Joseph Sparrow #53009-060
Defendant/pro-se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, under penalties of perjury pursuant to 28 U.S.C. §1746, that Defendant's Motion To Reconsider Court's March 19, 2020, Order was given to prison officials with proper first class postage affixed for mailing via U.S. Postal Service Certified Mail, Receipt # 7019 1120 0000 9945 7577, to U.S. District Court, Office of the Clerk, 801 Superior Ave., Cleveland, OH 44113 on this 25th day of March, 2020, with special instructions enclosed respectfully requesting that the Honorable Clerk's Office electronically serve a copy of this Motion on the AUSA's Office.

Joseph Sparrow #53009-060
Defendant/pro-se

NAME: Joseph Sparrow
REG.# 53009-060
Federal Correctional Institution Elkton
P. O. Box 10
Lisbon, Ohio 44432





⇔53009-060⇔
Us Dist Ct N Dist Of Ohio
801 W Superior AVE
Cleveland, OH 44113
United States