UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:98 CR 126 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH SPARROW, Sr., | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are Defendant Joseph Sparrow, Sr.'s ("Defendant" or "Sparrow") Motion to Reconsider (ECF No. 114) and Motion to Take Judicial Notice of Additional Authority (ECF No. 116). For the following reasons, the court grants Defendant's Motion to Reconsider and denies as moot the Motion to Take Judicial Notice.

**I. BACKGROUND**

In 1998, a jury convicted Defendant of multiple counts of armed bank robbery and firearms charges, and the court imposed a sentence of 627 months of imprisonment. (*See* ECF Nos. 37, 48.) The United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence on appeal. (*See* ECF Nos. 73, 74.) However, this court later reduced Defendant's sentence to 540 months after granting in part Defendant's motion to vacate pursuant to 28 U.S.C. § 2255. (ECF No. 81.) Defendant subsequently filed additional motions for post-conviction relief to no avail. (*See* ECF Nos. 96, 102, 113.) Most recently, in August 2019, Defendant filed a Motion to Modify or Vacate his sentence pursuant to the First Step Act and the so-called "*Holloway* Doctrine." (Mot. to

Vacate at PageID #176–83, ECF No. 107.) The court denied Defendant's Motion to Modify or Vacate on March 19, 2020. (Order, ECF No. 113.)

Since the court's last Order, an unprecedented public health crisis caused by COVID-19 has swept across the United States. This threat is especially acute in prisons, where social distancing and other preventative measures may not be possible. Indeed, the conditions at FCI Elkton, where Defendant is incarcerated, are especially troubling as testing remains inadequate and the virus appears to be spreading quickly through the inmate and staff populations alike. *See Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882, at *1–3 (N.D. Ohio Apr. 22, 2020). In light of the ongoing pandemic, Defendant filed *pro se* a Motion (ECF No. 114) asking the court to reconsider its prior Order and a Motion to Take Judicial Notice (ECF No. 116) of various district court decisions granting compassionate release due to the pandemic. On April 27, 2020, the United States filed a Response in Opposition (ECF No. 117) to the Motion to Reconsider. The Federal Public Defender then appeared on Sparrow's behalf and, on May 26, 2020, filed a Supplement (ECF No. 121) in support of his Motion to Reconsider.

## II. LEGAL STANDARD

In the Sixth Circuit, a motion for reconsideration is construed as a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Under Rule 59(e), a district court may grant a motion to alter or amend the judgment if the movant shows: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quotation omitted). The purpose of Rule 59(e) is to give district courts an opportunity to fix their mistakes without going through a costly and unnecessary appeals process. *See Howard v. United States*, 533

F.3d 472, 475 (6th Cir. 2008). However, Rule 59 motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Brunley*, 909 F.3d at 841 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). In general, motions for reconsideration are disfavored. *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003), *aff'd*, 547 F.3d 297 (6th Cir. 2008).

### III. LAW AND ANALYSIS

**A.  Motion to Modify or Vacate**

In his Motion to Modify or Vacate, Sparrow requested a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), due to "extraordinary and compelling" circumstances. (Mot. to Vacate at PageID #174–75, ECF No. 107.) The Motion emphasized that Sparrow "is 78 years old and in failing health," he has served more than twenty years of his sentence with a sterling disciplinary record, he has roughly eighteen years remaining on his sentence, and he would have received a much shorter sentence under current law because the First Step Act eliminated stacked mandatory sentences for § 924(c) convictions like his. (*See* Mot. to Vacate at PageID #174–75, ECF No. 107.) Sparrow also sought relief under the so-called "*Holloway* Doctrine," which some courts have employed to vacate § 924(c) convictions when the Government does not oppose the defendant's motion. (*Id.* at PageID #179–85); *see also United States v. Holloway*, 68 F. Supp. 3d 310, 314 (E.D.N.Y. 2014).

The court denied Sparrow's request. The Order explained that because the "new provision of the First Step Act does not apply retroactively[,] . . . that ends the analysis—there is no basis to vacate the stacked sentences imposed for Defendant's § 924(c) convictions." (Order at PageID #241, ECF No. 113.) As for compassionate release, the court found that "Defendant ha[d] provided no

documentation to support a finding that he suffers from a 'serious deterioration in health due to the aging process.'" (*Id.* at PageID #242.) Finally, the court denied relief under *Holloway* "[b]ecause the Government opposes Defendant's request," which left the court no basis on which to grant Sparrow's Motion to Modify or Vacate.

**B.     Motion to Reconsider**

Defendant's Motion to Reconsider urges the court to reassess its prior denial of compassionate release in light of "new evidence" that has emerged regarding COVID-19. (Mot. to Reconsider at PageID #248, ECF No. 114.) He argues that the ongoing pandemic, plus his underlying medical conditions, constitute the type of "other reasons" for compassionate release envisioned by the Commentary to the Sentencing Guidelines. *See* U.S.S.G. § 1B1.13, cmt. n.1 (U.S. Sentencing Comm'n 2019); (*see also* Mot. at PageID #429, ECF No. 114; Suppl. at PageID #281, ECF No. 121). The court finds this argument well-taken.

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow inmates to move for compassionate release on their own. *See* Pub. L. 115-391, § 603(b)(1). Under § 3582(c)(1)(A), this court "may reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A). However, an inmate can seek compassionate release only after: (1) he has fully exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty (30) days have passed since the warden of his facility received his request to have the BOP file a motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020).

-4-

After clearing the exhaustion hurdle, a defendant must show (i) that there are "extraordinary and compelling reasons" warranting release; or (ii) that he is at least seventy years of age, has served at least thirty years in prison for the offense(s) for which he is currently imprisoned, and is not a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3582(c)(1)(A). The Commentary to the Sentencing Guidelines explains that "extraordinary and compelling" circumstances include (1) terminal illness; (2) a serious medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (3) serious deterioration in health due to the aging process, if the defendant is at least 65 years old and has served at least 10 years or 75 percent of his or her term of imprisonment; (4) death or incapacitation of the caregiver of the defendant's minor child; and (5) "other reasons" as determined by the BOP. U.S.S.G. § 1B1.13, cmt. n.1 (U.S. Sentencing Comm'n 2019). Finally, the sentence reduction must be consistent with the § 3553(a) factors. *See id.*

As an initial matter, the court finds that Sparrow has satisfied the compassionate release statute's exhaustion requirement. Although the BOP claims it has no record of Sparrow's request for compassionate release, Sparrow maintains that "he did in fact follow" the administrative procedures by submitting a request "to the Warden at FCI Elkton." (Mot. to Reconsider at PageID #246–47, ECF No. 114.) And, indeed, the Public Defender located the request and attached a copy to its Supplemental briefing. (Request, ECF No. 121-2; *see also* Suppl. at PageID #281–82, ECF No. 121.) Because Sparrow submitted his request on February 3, 2020, and never received a response, he has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

The court also concludes that Sparrow is entitled to relief on the merits given his age, good time served, and underlying medical conditions. Sparrow's age (78) and documented medical

condition (hypertension) place him at a significantly increased risk of severe symptoms if he contracts COVID-19. (*See* Suppl. at PageID #284–86, ECF No. 121; Medical Records, ECF No. 121-1); *see also At Risk for Severe Illness*, Centers for Disease Control and Prevention (May 14, 2020), http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at- higher-risk.html. Moreover, Sparrow identifies particularized concerns about the conditions at FCI Elkton. (*See* Suppl. at PageID #284–86, ECF No. 121.) The outbreak of the virus there is well-documented, as multiple inmates have died and the risk of contracting the virus remains high. *See generally Wilson*, 2020 WL 1940882. Accordingly, the court finds that Sparrow's life and health are in serious danger if he serves the remainder of his sentence at Elkton. Moreover, granting compassionate release here accords with 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements. Specifically, the court finds based on Sparrow's age, record of good behavior while incarcerated, and plan to "live in Canton with his wife, who continues to support him," that Sparrow does not pose a threat to the community if released. (Suppl. at PageID #287, ECF No. 121; *see also* Ex. A, ECF No. 107-1; Ex. 1, ECF No. 112-2; Ex. 2, ECF No. 112-2.) The court also notes that Sparrow has served more than twenty years already and that reducing his sentence to time served is equivalent to imposing an above-guidelines sentence today.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider (ECF No. 114) is granted. The court hereby reduces Sparrow's sentence to time served and orders him released immediately. Upon his release, Sparrow will remain under supervision for three years with the same supervised release terms of the Amended Judgment Order, (ECF No. 81), except that the first six (6) weeks of the supervised release period shall be served on home confinement and electronic monitoring with appropriate leave for such purposes as deemed warranted by the Pretrial and Probation Officer, *e.g.*

to work, attend religious services, or visit a doctor. The Motion to Take Judicial Notice (ECF No. 116) is denied as moot.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 18, 2020